REMILLARD & HUYNH
LAURENT J. REMILLARD, JR.       4592-0
lremillard@rh-lawyers.com
DON V. HUYNH                    7967-0
dhuynh@rh-lawyers.com
RECHELLE A.M. BARBOUR           9953-0
rbarbour@rh-lawyers.com
Davies Pacific Center
841 Bishop Street, Suite 2302
Honolulu, Hawaii  96813
Telephone: (808) 536-5737

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROEN KANANI ORNELLAS,<br><br>Plaintiff,<br><br>vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA SCHOOLS; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | Civil No. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, Plaintiff ROEN KANANI ORNELLAS by and through her

attorneys, Remillard & Huynh, for her claims against Defendant above-named, and alleges and avers as follows:

## JURISDICTION AND VENUE

1.    This is an action arising under the laws of the United States of America, in particular the Family and Medical Leave Act 29 U.S.C. §2601, et seq. ("FMLA"), 29 U.S.C. § 2615, 29 U.S.C. § 2620, Families First Corona Virus Response Act Pub. L. No. 116-127, 134 Stat. 178 (2020), Emergency Family and Medical Leave Expansion Act ("EFMLEA") and/or other applicable Federal Law.

2.    The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 2617 and/or other applicable Federal Law.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3.    This is an action arising out of discriminatory conduct, hostile work environment, and retaliation by the Defendant following Plaintiff's request for leave.

4.    At all times pertinent herein, Plaintiff ROEN KANANI ORNELLAS ("Plaintiff"), is and was a resident of the State of Hawaii.

5.    At all times pertinent herein Defendant TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA SCHOOLS ("Defendant Kamehameha Schools" or "Kamehameha Schools") is, and at all

2

times relevant herein was, a non-profit corporation or other entity engaged in the education of Hawaiian children and the management of trust assets.

6.      Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, are various individuals, corporations, associations, partnerships, governmental agencies, and other entities and are connected in some manner with the named Defendants; and/or were the agents, servants, employees, employers, representatives, co-venturers, partners, associates, consultants, or alter-egos of the named Defendants; and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged in this Complaint or were in some manner responsible (whether by contract, tort, breach of fiduciary duty or otherwise) for the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff has made a good faith effort to determine the true names and identities of these parties. Plaintiff reserves the right to amend this Complaint to identify such parties as defendants when their true identities and capacities are ascertained through discovery or otherwise.

7.      At all times pertinent herein, Defendant Kamehameha Schools including its respective agents and/or servants and/or employees and/or directors

3

and/or officers had a responsibility to treat Plaintiff fairly in the compensation, terms, conditions and privileges of her employment.

8.     At all times pertinent herein, Defendant Kamehameha Schools, including its respective agents and/or servants and/or employees and/or directors and/or officers had a duty to provide Plaintiff with a work place free from unlawful conduct and/or discriminatory conduct and/or retaliatory conduct.

9.     At all times pertinent herein, Defendant Kamehameha Schools, including its respective agents and/or servants and/or employees and/or directors and/or officers had a duty to comply with the Family and Medical Leave Act 29 U.S.C. §2601, et seq. ("FMLA"), 29 U.S.C. § 2615, 29 U.S.C. § 2620, Families First Corona Virus Response Act Pub. L. No. 116-127, 134 Stat. 178 (2020), Emergency Family and Medical Leave Expansion Act ("EFMLEA"), and/or other applicable rules and/or regulations and/or laws in regard to its operations and/or management of the work place.

10.     Defendant Kamehameha Schools is liable for the torts and wrongful conduct of its respective agents and/or servants and/or employees and/or officers and/or directors.

11.     Plaintiff was hired by Defendant Kamehameha Schools in late 2018 as the Kapalama Health Services Charge Nurse, managing health services for the

Kapalama campus.

12. At all times pertinent to this Complaint Plaintiff performed her duties of her job in a satisfactory manner.

13. On March 15, 2020, Plaintiff was informed that her children's schools would be closed until further notice, due to the COVID-19 pandemic.

14. On or about March 16, 2020, Defendant Kamehameha Schools decided to close their campuses in light of the COVID-19 pandemic, and instructed employees, including Plaintiff, to work remotely.

15. On March 18, 2020, United States Congress issued Public Law 116-127, an emergency act entitled Families First Coronavirus Response Act. This act contains the Emergency Family and Medical Leave Expansion Act ("EFMLA"), which temporarily amends the FMLA to entitle certain employees to 12 weeks of leave per year "because of a qualifying need related to a public health emergency."

16. In June 2020, Nicole Read (hereinafter "Ms. Read") began working as the Health Services Manager, and became Plaintiff's supervisor.

17. In July 2020, Defendant Kamehameha Schools' Human Resources department announced a Temporary COVID-19 Paid Sick Leave and COVID-19

Family Leave Procedure via an email to all staff, and stated that the campus would re-open on August 10, 2020.

18.    Plaintiff became concerned with how she would manage child care and working in-person if her children's schools did not reopen.  Thus, Plaintiff asked Ms. Read if she could continue to work remotely when Defendant Kamehameha Schools reopened the Kapalama campus.

19.    Ms. Read informed Plaintiff that she would not support her request to work remotely.

20.    Believing herself to be entitled to family leave under EFMLEA and Defendant Kamehameha Schools' new family leave procedure, Plaintiff contacted Renee Yasutomi (hereinafter "Ms. Yasutomi") to request the COVID-19 Family Leave offered by Defendant Kamehameha School, so that she could supervise her children while their schools remain closed.

21.    Ms. Yasutomi informed Plaintiff that she would need to ask her supervisor for such leave.

22.    Plaintiff then contacted Ms. Read and asked her to initiate the COVID-19 Family Leave process.  Ms. Read agreed to initiate the process.

23.    When Plaintiff did not hear back from Ms. Read, she followed-up regarding her request to initiate the COVID-19 Family Leave process.  Ms. Read

responded, "I have kids too.  Can't we work something out?"  Plaintiff reiterated that she could not leave her children unsupervised while their schools continued with distance learning.

24.    Plaintiff again asked Ms. Read to initiate the COVID-19 Family Leave process.  Ms. Read did not respond to Plaintiff.

25.    Following Plaintiff's requests for leave, Plaintiff began to experience retaliation and an increasingly hostile environment including, but not limited to, the following:

A.    Ms. Read accused Plaintiff of revealing confidential information to an on-call nurse.  Plaintiff did not share any confidential information with the on-call nurse and informed Ms. Read that the on-call nurse was privy to the issues Plaintiff discussed with her.

B.    Ms. Read sent an email to Plaintiff reprimanding her for not managing the on-call pool of nurses.  However, this task had been handled by Dr. Fink and Bernie Wong.  Plaintiff forwarded the email to Sandra Scarborough, who replied that Ms. Read's email was unprofessional and inappropriate.

C.    Ms. Read failed to initiate the leave process for Plaintiff and send her the appropriate paperwork to complete.

26.    Because Plaintiff's working conditions had become so intolerable,

7

she tendered her resignation on August 24, 2020, effective immediately on August 25, 2020.

27.    Even after Plaintiff's resignation, Ms. Read continued to engage a course of behavior that was retaliatory and hostile towards Plaintiff.

28.    On about August 25, 2020, a co-worker went into Plaintiff's office and packed up Plaintiff's belongings in a box because Plaintiff was on the island of Kauai.  The co-worker took the sealed box home and stored the box in a locked cabinet in his garage.  Plaintiff intended to retrieve the box from him when she returned to Oahu.

29.    Shortly after packing up Plaintiff's belongings, the co-worker received a call from Ms. Read.  She instructed the co-worker to open the box because there was controlled medication in the box.  Ms. Read named the student who the medication belonged to and stated that the medication expired in April 2019.

30.    The controlled medication had been planted in Plaintiff's belongings, as she had not been on campus and had been residing on Kauai since March 2020. Plaintiff contacted Dr. Fink and told him that she was concerned about an issue with her personal contents.  She also contacted Ms. Read.  However, Plaintiff never heard back from Dr. Fink or Ms. Read.

31.    Plaintiff was then contacted by Teri Wright, Senior Ethics &
Compliance Consultant, and informed that Defendant Kamehameha Schools was
investigating allegations that Plaintiff had deviated from procedures and/or
general practices related to her work duties.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF 29 U.S.C. §§ 2615

32.    Plaintiff realleges and incorporates by reference the allegations of
each of the proceeding paragraphs.

33.    29 U.S.C. § 2615 provides in pertinent part:

(a) Interference with rights
    (1) Exercise of rights
        It shall be unlawful for any employer to interfere with,
        restrain, or deny the exercise of or the attempt to
        exercise, any right provided under this subchapter.

    (2) Discrimination
        It shall be unlawful for any employer to discharge or in
        any other manner discriminate against any individual for
        opposing any practice made unlawful by this title.

34.    All of the above-described conduct and/or other acts and/or
omissions by Defendant Kamehameha Schools, including Plaintiff's
constructive termination, constitutes an interference with Plaintiff's rights
under the FMLA and EFMLEA in violation of 29 U.S.C. § 2615.

35.    At all times pertinent to the complaint, Plaintiff believed she

was entitled to leave under the FMLA and EFMLEA because her children's schools were closed due to COVID-19.

36.    Plaintiff asserted her rights under the FMLA and EFMLEA by requesting leave and her requests were either interfered with or denied.

37.    The foregoing acts, errors and/or omissions were committed by Defendant Kamehameha Schools and/or its agents and/or servants and/or employees and/or officers and/or directors in willful, wanton, and reckless disregard for Plaintiff's right to seek family leave without retaliation by Defendant Kamehameha Schools.

38.    As a result of the foregoing acts, omissions, and conduct, Plaintiff was constructively discharged and has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, and other applicable law, including all of Plaintiff's costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff prays for relief against the above-named Defendants, and each of them, jointly and severally as follows:

1.    General damages in an amount to be proven at trial;

2.    Special damages in an amount to be proven at trial;

3.    Punitive damages in an amount to be proven at trial; and

10

4.     Litigation costs, attorneys' fees and for such other relief as

deemed

appropriate and equitable by the Court.

DATED: Honolulu, Hawaii, April 21, 2021.

REMILLARD & HUYNH
Attorneys for Plaintiff


By ____/s/ Rechelle A.M. Barbour_____
    LAURENT J. REMILLARD, JR.
    DON V. HUYNH
    RECHELLE A.M. BARBOUR

11

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROEN KANANI ORNELLAS, | ) Civil No. _____ |
| | ) |
| Plaintiff, | ) DEMAND FOR JURY TRIAL |
| | ) |
| vs. | ) |
| | ) |
| TRUSTEES OF THE ESTATE OF | ) |
| BERNICE PAUAHI BISHOP dba | ) |
| KAMEHAMEHA SCHOOLS; JOHN | ) |
| DOES 1-10; JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| CORPORATIONS 1-10; ROE "NON- | ) |
| PROFIT" CORPORATIONS 1-10; and | ) |
| ROE GOVERNMENTAL ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |

## DEMAND FOR JURY TRIAL

Plaintiff, ROWEN KANANI ORNELLAS, by and through her attorneys

undersigned, hereby demand trial by jury in the case above-noted.

DATED: Honolulu, Hawaii, April 21, 2021.

REMILLARD & HUYNH
Attorneys for Plaintiff

By ____/s/ Rechelle A.M. Barbour_____
LAURENT J. REMILLARD, JR.
DON V. HUYNH
RECHELLE A.M. BARBOUR

2